UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| THOMAS WOJCIESKI and DUSTINE WILM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>ALLTRAN FINANCIAL, LP,<br><br>Defendant. | Case No.: 18-cv-887<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Thomas Wojcieski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Dustine Wilm is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Plaintiff are each a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiffs a debt allegedly incurred for personal, family, or household purposes.

6. Plaintiffs are also each a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debt Defendants sought to collect from Plaintiffs was incurred as a result of a consumer transaction.

7. Defendant Alltran Financial, LP ("Alltran") is a foreign limited partnership with its primary offices located at 5800 North Course Drive, Houston, TX 77072.

8. Alltran is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Alltran is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

10. Alltran is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat § 427.103(3).

## FACTS

### *Facts Related to Plaintiff Wojcieski*

11. On or around November 9, 2017, Alltran mailed a debt collection letter to Plaintiff Wojcieski regarding an alleged debt owed to "U.S. Bank National Association." A copy of this letter is attached to this complaint as Exhibit A.

12. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a consumer credit card, which was used only for personal, family, or household purposes.

13. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff Wojcieski inserted by the computer.

14. Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

15. Upon information and belief, Exhibit A is the first written communication Alltran mailed to Plaintiff Wojcieski regarding this alleged debt.

2

16. <u>Exhibit A</u> contains the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors provide alleged debtors along with, or within five days of, the initial communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

17. <u>Exhibit A</u> also contains the following information:

> Creditor: U.S. Bank National Association
> Account: XXXXXXXXXXXX3743
> Alltran ID: ▇▇▇4612
> Amount Due as of November 9, 2017: $10,492.59
> Partial Account Number for Your Security

18. In the body of the letter, <u>Exhibit A</u> additionally states: "As of the date of this letter, you owe the amount stated above. For further information about your balance please contact your account representative."

19. <u>Exhibit A</u> thus states that the "Amount Due" is $10,492.59 but also states that this amount applies only "as of November 9, 2017."

20. By indicating the "Amount Due" only applies as of the date of the letter and by informing the consumer that they must contact Alltran for "further information about [their] balance," <u>Exhibit A</u> implies that balance is subject to change.

21. Consequently, <u>Exhibit A</u> obscures the amount of the debt Alltran sought to collect from Plaintiff Wojcieski.

22. Under 15 U.S.C. 1692g(a)(1), a debt collector must, within five days of the initial communication to a consumer regarding an alleged debt, "state the amount of the debt."

3

23. Furthermore, it is not enough that a debt collector merely state the amount of the debt, it must do so in a non-confusing manner. *See Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2004) (holding that a debt collection letter including the statement "To obtain your most current balance information, please call 1-800-[xxx]-[xxxx]" to be confusing as a matter of law).

24. Because Exhibit A implies the consumers balance is subject to change, Exhibit A fails to state the amount Alltran is seeking to collect from the consumer in a non-confusing manner.

25. Upon receiving a debt collection letter in the form of Exhibit A, a consumer would understand that the amount of the debt may be subject to change due to the accrual of interest and other charges.

26. If the alleged debt referenced in the letter *is not* subject to the accrual of interest, Exhibit A is deceptive and misleading insofar as it implies the debt may be subject to interest.

27. If the alleged debt referenced in the letter *is* subject to the accrual of interest, Exhibit A is deceptive and misleading insofar as it fails to disclose expressly that the debt is subject to the account is subject to interest. *See Spuhler v. State Collection Servs.*, 2017 U.S. Dist. LEXIS 210895, *20, 2017 WL 6557558 (E.D. Wis. December 22, 2017).

28. Furthermore, by referring to the $10,492.59 as the "Amount Due" but encouraging the consumer to contact Alltran for "further information about [their] balance," Exhibit A suggests that, apart from the issue of interest and other charges, the "Amount Due" may be different from the total balance of the account. *See Machnik v. RSI Enters.*, 2017 U.S. Dist. LEXIS 160772, at *6 (E.D. Wis. Sept. 29, 2017) ("In the context of a debt, 'owing' an amount is distinguishable from the amount 'due.'").

29. Lastly, upon information and belief, by requiring the consumer to call Alltran to clarify the amount of the debt referenced in Exhibit A, Alltran intentionally compels the consumer to

4

contact its representatives via telephone in order to engage in aggressive, high-pressure collection tactics. *DeGeorge v. Fin. Recovery Servs.*, 2012 U.S. Dist. LEXIS 140966, at *25 (E.D. Penn. Sept. 27, 2012) (plaintiff stated claim that defendant engaged in unfair debt collection practices by sending letters that "required plaintiff to contact defendant to take advantage of a discount, thereby exposing plaintiff to additional pressures of in-person communication.").

30. Plaintiff Wojcieski was deceived, misled, and confused by Exhibit A.

31. The unsophisticated consumer would be deceived, misled, and confused by Exhibit A.

32. Plaintiff Wojcieski had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

33. Plaintiff Wojcieski had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to obtain counsel on the consequences of Exhibit A.

*Facts Related to Plaintiff Wilm*

34. Sometime around 2006, Plaintiff Wilm had a credit card account with Chase Bank USA, N.A. ("Chase"), which she used only for personal, family, or household purposes.

35. Sometime prior to September of 2017, Plaintiff Wilm's Chase credit card account went into default because Plaintiff became unable to make her minimum monthly payments.

36. On or around September 21, 2017, Chase mailed Plaintiff Wilm a notice informing her that, if she failed to immediately pay the past due amount, her account would be charged-off. A copy of this notice is attached to this Complaint as Exhibit B.

37. On or around September 22, 2017, Chase also mailed Plaintiff Wilm her monthly account statement. A copy of this statement is attached to the Complaint as Exhibit C.

5

38. Exhibit C includes the following representations:

> **PAYMENT INFORMATION**
> New Balance $3,434.08
> Payment Due Date 10/19/17
> Minimum Payment Due $491.00

39. Exhibit C also states that the "Past Due Amount" is $390.00.

40. Exhibit B includes the following representation:

> Your account is at risk of being charged off. We would like to work with you to keep that from happening. Please take one of the following steps:
>
> **Make a payment**
> We need to receive a payment of $390.00 from you immediately to bring this account up-to-date.

41. Exhibit B thus demands $390.00 to avoid the charge-off of the account, the "Past Due Amount" listed in Exhibit C as of the date of communications.

42. Exhibit B does not provide a definite deadline by which Plaintiff Wilm could tender the past due amount to avoid the charge-off of her account. Rather, Exhibit B simply states that Plaintiff must tender the past due amount "immediately."

43. Exhibit B also includes the following representation:

> If you don't make a payment, here's what will happen:
> - We may continue to contact you to pay the account balance.
> - We may turn your account over to a debt collection agency, which may contact you for payment.

44. Upon information and believe Exhibit B and Exhibit C were the last communications Chase sent to Plaintiff Wilm.

45. On or around October 27, 2017, Alltran mailed a debt collection letter to Plaintiff Wilm regarding the debt allegedly owed to Chase. A copy of this letter is attached to this complaint as Exhibit D.

6

46. Upon information and belief, Exhibit D is a form letter, generated by a computer, and with the information specific to Plaintiff Wilm inserted by the computer.

47. Upon information and belief, Exhibit D is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

48. Upon information and belief, Exhibit D is the first written communication Alltran mailed to Plaintiff Wilm regarding this alleged debt.

49. Exhibit D contains the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors provide alleged debtors along with, or within five days of, the initial communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

50. Exhibit D also contains the following information:

> Creditor: Chase Bank USA, N.A.
> Account: XXXXXXXXXXXX7620
> Alltran ID: ▮▮▮▮973
> Past Due Amount: $3,469.08
> Partial Account Number for Your Security

51. The "Past Due Amount" of $3,469.08, which is the amount which Exhibit D is seeking to collect, is the balance of Plaintiff Wilm's Chase account listed on her final billing statement, Exhibit C, plus an additional $35.

52. Upon information and belief, the additional $35 represents a late fee imposed after the date Chase designated Plaintiff Wilm's account as charged-off.

7

53. Once the Chase accelerated the alleged debt at issue and attempted collect the entire balance, Chase could no longer impose a late fee on the account. *See, e.g.*, *Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003).

54. Exhibit D therefore attempts to collect an amount that Alltran was not legally entitled to collect.

55. On or around October 27, 2017, Alltran mailed another debt collection letter to Plaintiff Wilm regarding the debt allegedly owed to Chase. A copy of this letter is attached to this complaint as Exhibit E.

56. Upon information and belief, Exhibit E is a form letter, generated by a computer, and with the information specific to Plaintiff Wilm inserted by the computer.

57. Upon information and belief, Exhibit E is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

58. Exhibit E contains the following representation:

> Creditor: Chase Bank USA, N.A.
> Account: XXXXXXXXXXXX7620
> Alltran ID: ▓▓▓▓973
> Amount Due as of December 7, 2017: $3,469.08
> Partial Account Number for Your Security

59. By seeking to collect an "Amount Due" of $3,469.08, which includes additional fees imposed after the date of charge-off, Exhibit E, like Exhibit D, attempts to collect an amount that Alltran was not legally entitled to collect.

60. Furthermore, Exhibit E contains the following settlement offer:

> Our client, Chase Bank USA, N.A., has agreed to accept $2,081.45 in 3 equal payments of $693.82 as settlement for monies owing on your account. This settlement is only valid if the payment schedule outlined below is met. If the payment schedule outlined below is not met, we are not obligated to renew this offer. If you need additional time to consider this offer, or cannot timely make these payments, please call ANGELA WILLIAMS on our toll-free number 888-732-7013 Ext. 4036 to discuss.

8

61. Additionally, <u>Exhibit E</u> includes the following payment coupons in accordance with such settlement offer:

```
Detach Coupon and Mail with Payment

Payment 1 of 3                    ✂    Payment 2 of 3                    ✂    Payment 3 of 3

Alltran ID: 39539973                   Alltran ID: 39539973                   Alltran ID: 39539973
Mail Payment To:                       Mail Payment To:                       Mail Payment To:
Alltran Financial, LP                  Alltran Financial, LP                  Alltran Financial, LP
P.O. Box 722929                        P.O. Box 722929                        P.O. Box 722929
HOUSTON TX  77272-2929                 HOUSTON TX  77272-2929                 HOUSTON TX  77272-2929

Payment Amt - $693.82                  Payment Amt - $693.82                  Payment Amt - $693.82
Due Date - December 22, 2017           Due Date - January 21, 2018            Due Date - February 20, 2018
```

62. The settlement offer included in <u>Exhibit E</u> is confusing and misleading.

63. The payment amounts of $693.82 specified in the settlement offer do not add up to the total settlement amount of $2,081.45.

64. Plaintiff Wilm was deceived, misled, and confused by <u>Exhibits D-E</u>.

65. The unsophisticated consumer would be deceived, misled, and confused by <u>Exhibits D-E</u>.

66. Plaintiff Wilm had to spend time and money investigating <u>Exhibits D-E</u>, and the consequences of any potential responses to <u>Exhibits D-E</u>.

67. Plaintiff Wilm had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to obtain counsel on the consequences of <u>Exhibits D-E</u>.

### *The FDCPA*

68. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v.*

9

*Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir.

2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

69. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

70. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

71. 15 U.S.C. § 1692e(2)(A) specifically prohibits "the character, amount, or legal status of any debt."

72. 15 U.S.C. § 1692e(5) specifically prohibits debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."

73. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

74. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

75. 15 U.S.C. § 1692f(1) specifically prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

76. 15 U.S.C. § 1692g(a) provides that

11

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;

### *The WCA*

77. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

78. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

79. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

80. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

81. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

12

82. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

83. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

84. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

85. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer . . . in such a manner as can reasonably be expected to threaten or harass the customer."

86. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer . . . ." Wis. Admin. Code § DFI-Bkg 74.16(9) defines such "other conduct" as "including conduct which violates the Federal Fair Debt Collection Practices Act."

87. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

13

## COUNT I – FDCPA

88. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

89. Count I is brought on behalf of Plaintiff Wojcieski.

90. By providing an "Amount Due" as of the date of the letter but further stating "For further information about your balance please contact your account representative," Exhibit A fails to disclose the amount of the debt which Defendant sought to collect through the letter in a non-confusing manner.

91. By providing an "Amount Due" as of the date of the letter but further stating "For further information about your balance please contact your account representative," Exhibit A is misleading as to the amount and character of the debt, including whether or not the alleged debt referenced in the letter is incurring interest. *Chuway*, 362 F.3d at 948.

92. Defendant therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692g(a)(1).

## COUNT II – FDCPA

93. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

94. Count II is brought on behalf of Plaintiff Wilm.

95. By applying an extra late fee after the debt at issue had been closed, Exhibit D and Exhibit E misstate the amount of the alleged debt owed by Plaintiff Wilm.

96. By applying an extra late fee after the debt at issue had been closed, Exhibit D and Exhibit E attempt to collect and threaten to collect an amount which it is not legally able to collect.

97. Defendant therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1).

## COUNT III – FDCPA

98. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

99. Count III is brought on behalf of Plaintiff Wilm.

100. The settlement offer included in Exhibit E is confusing and misleading because the monthly payment amounts to not add up to the total amount demanded by the offer.

101. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10),

## COUNT IV – WCA

102. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

103. Count IV is brought on behalf of Plaintiff Wilm.

104. By applying an extra late fee after the debt at issue had been closed, Exhibit D and Exhibit E attempted to collect an amount Alltran was not legally entitled to collect.

105. By attempting to collect an amount Altran was not legally entitled to collect, Exhibit D and Exhibit E can reasonably be expected to harass Wilm.

106. Defendant violated Wis. Stat. §§ 427.104(g), 427.104(h), and 427.104(j).

## CLASS ALLEGATIONS

107. Plaintiffs bring this action on behalf of three prospective classes.

108. Class I consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the Complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) sent between June 11, 2017 and June

11, 2018, inclusive, (e) that was not returned by the postal service. Plaintiff Wojcieski is the designated representative for Class I.

109. Class II consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit D or Exhibit E to the Complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) on behalf of Chase Bank USA, N.A., (e) in which the "Amount Due" or "Past Due Amount" included fees incurred after the date of charge-off, (f) sent between June 11, 2017 and June 11, 2018, inclusive, (g) that was not returned by the postal service. Plaintiff Wilm is the designated representative for Class II.

110. Class III consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit E to the Complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) which included an settlement offer in which sum of the monthly payments was different from the total amount demanded by the offer, (e) sent between June 11, 2017 and June 11, 2018, inclusive, (f) that was not returned by the postal service. Plaintiff Wilm is the designated representative for Class III.

111. The classes are each so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each class.

112. There are questions of law and fact common to the members of the respective classes, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether the Defendant complied with the FDCPA.

113. Plaintiffs' claims are typical of the claims of the respective class members. All are based on the same factual and legal theories.

114. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

115. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

116. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 11, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com